**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| A.P.C., | ) | |
| | ) | Case No. 3:26-cv-00131 |
| Petitioner, | ) | |
| | ) | District Judge Stephanie L. Haines |
| v. | ) | |
| | ) | |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

## ORDER

Presently before the Court is Petitioner A.P.C.'s ("Petitioner") motion to enforce the Court's March 31, 2026 Order. ECF No. 21. On November 10, 2024, Petitioner, a citizen of Ecuador, entered the United States at the Hidalgo, Texas, port of entry, was processed as an arriving alien, and was served with a notice to appear in immigration court at a future date. ECF No. 1-3, p. 1. Petitioner was then paroled into the United States pending a hearing before an immigration judge on February 18, 2026. *Id.* Petitioner's parole was terminated on April 18, 2025. ECF No. 1, ¶ 95. Three months later, on July 22, 2025, Petitioner was arrested and charged with public lewdness and exposure of a person. *Id.*, ¶ 61. Following his arrest, Petitioner was detained at MDC Brooklyn and later transferred to Moshannon Valley Processing Center, without an individualized bond hearing. ECF Nos. 1-6, 1-7.

On January 30, 2026, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for Preliminary Injunction Seeking Bond Hearing ("Preliminary Injunction"), arguing that 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applied to his detention. *See generally* ECF

Nos. 1, 7, 8. Respondents filed a response to the Petition and the Preliminary Injunction on March 3, 2026, and Petitioner filed a reply. ECF Nos. 14, 15.

On March 31, 2026, the Court issued an order granting the Preliminary Injunction to the extent it sought an individualized bond hearing and ordering Respondents to provide Petitioner with "the statutory process required under 8 U.S.C. § 1226, which includes a bond hearing." ECF No. 17. The Court ordered that the bond hearing take place no later than April 10, 2026. *Id.* On April 10, 2026, Respondents informed the Court that on April 9, 2026, Petitioner was provided with an individualized bond hearing, wherein the IJ denied bond after finding Petitioner to be a flight risk. ECF No. 20. That same day, Petitioner filed the present Motion to Enforce March 31, 2026 Order, arguing that the IJ's "holding that Petitioner is ineligible for bond violated this Court's PI Order, and the bond hearing was not fundamentally fair." ECF No. 21. Respondents filed a response, arguing that Petitioner failed to exhaust administrative remedies and failed to show that his bond hearing was fundamentally unfair. ECF No. 26.

In his Motion, Petitioner argues that the IJ failed to comply with this Court's order because the IJ "erroneously held that [Petitioner] is ineligible for bond and subject to mandatory detention . . . ." ECF No. 22, p. 16. Petitioner also argues that the IJ's alternative finding that Petitioner is a flight risk was fundamentally unfair because the IJ (1) failed to make an individualized flight risk determination; (2) failed to consider conditions of release; (3) failed to meaningfully consider evidence favoring release; (4) did not allow Petitioner to make arguments on his behalf; (5) improperly relied on an adverse credibility finding from Petitioner's removal proceedings; and (6) was not a neutral arbiter. *Id.* at 19-23.

The Court has jurisdiction to determine whether the bond hearing was fundamentally unfair. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). A bond hearing is fundamentally fair if the noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) [is] allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (second alteration in original). But "[a] motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order." *Id.*

The Court has reviewed the bond hearing transcript. During the hearing, Petitioner's counsel presented argument and evidence in support of release, including the community support of his social worker, the Director of the New York City Anti-Violence Project, his immigration sponsor, and two elected officials. ECF No. 22-1, p. 6-8. The Government argued that Petitioner was an arriving alien, that he was not eligible for bond, and that the removal proceedings included an adverse credibility finding. *Id.* at 11-12. Petitioner's counsel addressed the bond eligibility issue. *Id.* at 10, 13.

The IJ denied bond. ECF No. 20-1. In doing so, the IJ first concluded that Petitioner was ineligible for bond because he was an arriving alien. *Id.* Under this Court's March 31, 2026 Order, that conclusion was incorrect because the Court had already ordered Respondents to provide Petitioner with the statutory process required under § 1226, including a bond hearing. ECF No. 17. But the IJ did not stop there. The IJ also made an alternative individualized finding that Petitioner posed a flight risk and that no amount of bond would mitigate that risk. ECF No. 20-1. In reaching that alternative conclusion, the IJ considered the removal order, the adverse

credibility finding in the removal proceedings, the likelihood that the removal order would be upheld on appeal, Petitioner's short period of time in the United States, his limited ties to the United States, and the support evidence submitted by Petitioner. ECF No. 22-1, p. 14-16.

Petitioner also argues that the IJ was not a neutral arbiter because the IJ expressed disagreement with this Court's March 31, 2026 Order and suggested that the Order appeared to have been issued without individualized review of the facts. The Court does not adopt or endorse those comments. This Court's Order was binding unless stayed, modified, or reversed, and the IJ was not free to disregard it based on disagreement with the Court's reasoning. But the question on the present Motion is not whether the IJ agreed with this Court's Order. The question is whether Respondents provided the bond hearing ordered by the Court and whether that hearing was fundamentally unfair. Although the IJ incorrectly stated that Petitioner was ineligible for bond, the IJ also made an alternative individualized finding that Petitioner posed a flight risk and that no amount of bond would mitigate that risk. On this record, the challenged comments do not establish that Petitioner was denied a meaningful opportunity to present evidence and argument or that the IJ failed to make an individualized alternative custody determination.

Petitioner's challenge to the IJ's flight risk finding is, at bottom, a challenge to the IJ's weighing of the evidence. That is beyond this Court's review under § 1226(e). *See Ghanem*, 2022 WL 574624, at *2. The Court expresses no opinion on whether the IJ reached the correct discretionary bond decision. The question before this Court is narrower: whether Respondents complied with the March 31, 2026 Order and whether the hearing was fundamentally unfair. On this record, Petitioner has not shown that the hearing was fundamentally unfair. Petitioner received a bond hearing by the deadline set in the Court's March 31, 2026 Order. Petitioner was

4

represented by counsel. Petitioner submitted evidence. Petitioner's counsel presented argument. The IJ considered Petitioner's evidence and made an individualized alternative finding that Petitioner posed a flight risk. Although Petitioner disagrees with the IJ's treatment of the removal order, adverse credibility finding, and community support evidence, those arguments challenge the IJ's discretionary weighing of the bond evidence. They do not establish that Petitioner was denied the process required by this Court's Order. Nor was the IJ categorically barred from considering information from Petitioner's removal proceedings. Immigration bond proceedings are separate from removal proceedings, but the custody regulation provides that "[t]he determination of the [IJ] as to custody status or bond may be based upon any information that is available to the [IJ] . . . ." 8 C.F.R. § 1003.19(d). Here, the adverse credibility issue was raised during the bond hearing, and the IJ stated that she had reviewed the removal case. Petitioner has not shown that the IJ relied on secret evidence, refused to consider Petitioner's evidence, or denied Petitioner a meaningful opportunity to be heard.

Accordingly, although the IJ erred in stating that Petitioner was ineligible for bond under this Court's March 31, 2026 Order, the IJ made an alternative individualized flight risk determination after receiving evidence and argument. The Court therefore concludes that Respondents complied with the Court's March 31, 2026 Order. Any challenge to the IJ's denial of bond must be presented, if at all, through the available administrative appeal process before the Board of Immigration Appeals.

Accordingly, this 2nd day of June, 2026, it is hereby **ORDERED** as follows:

1. The Motion to Enforce March 31, 2026 Order, ECF No. 21, is **DENIED**.

2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge


Cc/ECF: all counsel of record